State v. Griffith.

THE STATE v. GRIFFITH, *Appellant*

1. **Criminal Law**: JOINING MINOR IN MARRIAGE: PROOF OF AGE· Upon the trial of an indictment for joining a minor in marriage without her parent's consent, testimony as to her size, appearance and general development will not be received for the purpose of proving her age, if that is succeptible of direct proof.

2. ———: EVIDENCE: PRACTICE IN SUPREME COURT: HARMLESS ERROR. Where the lowest penalty, under the law, has been imposed upon a defendant in a criminal case, the rejection of evidence offered by him for the purpose of mitigating his punishment only, is not a reversible error

*Appeal from Knox Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

*Blair & Marchand* for appellant, cited 1 Greenl. Ev., Sec. 440, note 3.

*J. L. Smith*, Attorney General, for respondent, cited Roscoe Crim. Ev., (7 Ed.) p. 264; *Chouteau v. Searcy*, 8 Mo. 733; *Beckham v. Nacke*, 56 Mo. 546; *Donahue v. Dougherty*, 5 Rawle 124.

NORTON, J.—The defendant was indicted at the December term of the circuit court within and for Knox county, for marrying a minor without the consent of her parent or guardian. Defendant was tried, convicted, and his punishment assessed to one month's imprisonment in the county jail, from which judgment he has appealed. The indictment is framed on sections 5 and 11, Wag. Stat., 930, and sufficiently charges the offense created thereby. The evidence on the part of the State tended to establish the allegations of the indictment, and the only matter of error complained of was the refusal of the court to permit a witness on the part of defendant to state the size, appearance and general development of Sarah E. Demoss, the minor alleged to have been married, at the time the defendant performed the ceremony.

It is claimed that the evidence offered was admissible for the purpose of showing that said Sarah was over the age of 18 years, and if not for that purpose, it should have been received in mitigation of punishment.   Had the witness been permitted to answer the questions, and given his opinion founded upon her appearance and size, that the said Sarah was over 18 years of age, we cannot perceive how it would have relieved defendant from liability in view of the object of the statute.   The law provides a way in which any person performing the marriage ceremony may protect himself from the penalties it imposes. In the case of *Beckham v. Nacke*, 56 Mo. 548, where the minor was nineteen years old, it was held that the fact that he had the appearance of being over twenty-one, and had induced the defendant to perform the ceremony by falsely representing that he was of age, would not relieve defendant from liability.   "The statute provides the means by which a person performing the ceremony may protect himself.   He must have the written consent of the parent, guardian or other person having charge of the minor.   It is not sufficient that he should act under the *bona fide* belief that such minor was of age.   His honest mistake in this regard will not protect him.   The law explicitly declares what is required for his protection, and unless he adopts the means pointed out, he must suffer the consequences."   In regard to questions of the age of a person, family records are receivable in evidence, and general repute in the family is sometimes admissible, but to allow the question when susceptible of direct proof, to be determined by the mere opinions of witnesses founded on size and general appearance, finds no support either in principle or authority.   The statement made by Bryant, the person to whom defendant married the said minor, that she was of age, and his reliance thereon does not shield him, and if he saw fit to determine for himself her age, by her looks, he did so at his peril.   *Donahue v. Dougherty,* 5 Rawle 124.

If even the evidence offered had been receivable for the purpose of mitigating the punishment (which question is not necessary to determine) its rejection would not have been reversible error for the reason that the defendant sustained no injury thereby, as the judgment of the court shows that he was only subjected to the lowest punishment which could have been inflicted under the law.

Judgment affirmed with the concurrence of the other judges.

AFFIRMED.