### STATE v. MELVIN WADE.

(Filed 13 December, 1944.)

**1. Rape § 4—**

> One who has carnal knowledge of a female child under the age of twelve years is guilty of rape, and the fact that the offender may have believed the child was above the age of consent will not mitigate the crime. One having carnal knowledge of such a child does so at his peril.

**2. Same—**

> A defendant on trial for the rape of a child under twelve years of age may show that the prosecutrix is above the age of consent, but he cannot prove this fact by her declaration.

APPEAL by defendant from *Phillips, J.,* at August Term, 1944, of SCOTLAND.

Criminal prosecution tried upon an indictment charging the defendant with rape.

Verdict: "Guilty of rape as charged in the bill of indictment." Judgment: Death by asphyxiation. The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Thos. J. Dunn for defendant.*

DENNY, J. The defendant excepts and assigns as error the failure of his Honor to charge the jury that it could return a verdict under G. S., 14-26; C. S., 4209, the pertinent part of which reads as follows: "If any male person shall carnally know or abuse any female child, over twelve and under sixteen years of age, who has never before had sexual intercourse with any person, he shall be guilty of a felony and shall be fined or imprisoned in the discretion of the court," and further excepts and assigns as error the failure to submit to the jury both counts in the bill of indictment.

The first count charges the defendant with assaulting Annie Mae Terry, on 13 June, 1944, against her will and of unlawfully, willfully,

violently and feloniously ravishing and carnally knowing her. The second count charges that on 13 June, 1944, the defendant "willfully, unlawfully, feloniously and violently did carnally know and abuse one Annie Mae Terry, a female child, she, the said Annie Mae Terry, being then and there under the age of 12 years."

The mother of Annie Mae Terry testified she was born 31 March, 1935. Novella Terry, with whom Annie Mae Terry has lived since she was one year old, testified that she was present when Annie Mae Terry was born and that she was born in Robeson County, 31 March, 1935. The State also offered as corroborative evidence a certified copy of the records of Vital Statistics, tending to show that Annie Mae Terry was born in Robeson County, 31 March, 1935.

There is abundant evidence to the effect that the prosecutrix was ravished and carnally known and that the defendant is the party who ravished her and carnally knew her. The defendant testified, however, that the prosecutrix told him she was 12 years old, and in his confession to the officers shortly after his arrest, he said the prosecutrix consented for him to have sexual intercourse with her. Did this testimony of the defendant entitle him to have the court charge the jury that they might return a verdict under G. S., 14-26, the statute hereinbefore quoted? We do not think so. We think, upon the evidence disclosed on the record, it was proper to submit only the second count in the bill of indictment.

The pertinent part of the statute applicable to the facts in this case is as follows: "Every person . . . who is convicted of unlawfully and carnally knowing and abusing any female child under the age of twelve years, shall suffer death."

We think the principle of law applicable to the facts in this case, together with numerous citations in support thereof, is clearly stated in 44 Amer. Jur., sec. 41, p. 926, which is as follows: "It is a well-settled rule that where the law provides that sexual intercourse with an unmarried female under a certain age shall constitute the crime of rape, ignorance of the age of the prosecutrix on the part of the defendant in a prosecution for such crime committed on a female under the prohibited age constitutes no defense, no matter whether such ignorance was based on a good faith belief that the prosecutrix was above the prohibited age, or on an exercise of reasonable care to ascertain her age, or whether the defendant was misled by her appearance or her misrepresentations. In any event, he has committed a moral wrong, and he was bound to know, at his peril, that her age was such that consent on her part would prevent the act from being rape. The fact of such belief cannot be taken into consideration in mitigation of punishment." A defendant on trial for rape may show that the prosecutrix is above the age of

consent, but he cannot prove this fact by her declarations.   52 C. J.,
sec. 99, p. 1074; *Bryan v. State,* 18 Ala., A, 199, 89 S., 894; *Renfroe
v. State,* 84 Ark., 16, 104 S. W., 542; *Heath v. State,* 173 Ind., 296,
90 N. E., 310; *Campbell v. State,* 63 Tex. Crim. Rep., 595, 141 S. W.,
232.

One who has carnal knowledge of a female child under the age of
twelve years is guilty of rape, and the fact that the offender may have
believed the child was above the age of consent, will not mitigate the
crime.   The statute does not require the State to charge or prove that
a person indicted thereunder must have known the female child to have
been under the age of consent; one having carnal knowledge of such a
child, does so at his peril, and his opinion as to her age, is immaterial.
In the case of *Heath v. State, supra,* the Supreme Court of Indiana, in
considering the same question presented here, said: "The law absolutely
forbids carnal intercourse with a child under 14 years of age, and no
belief respecting the age of the girl, however well founded, will excuse
the transgressor if at the time of the sexual act she is in fact within the
prohibited age.  *People v. Ratz,* 115 Cal., 132, 46 Pac., 915; *State v.
Sherman,* 106 Iowa, 684, 77 N. W., 461; *Commonwealth v. Murphy,*
165 Mass., 66, 42 N. E., 504, 30 L. R. A., 734, 52 Am. St. Rep., 496;
*Smith v. State,* 44 Tex. Cr. R., 137, 68 S. W., 995, 100 Am. St. Rep.,
849; *State v. Houx,* 109 Mo., 654, 19 S. W., 35, 32 Am. St. Rep., 686;
*Lawrence v. Com.,* 30 Grat (Va.), 845."

As required by the law, his Honor stated in his charge to the jury
that the jury must find from the evidence, beyond a reasonable doubt,
that the prosecutrix was under twelve years of age at the time of the
offense, before a verdict of guilty could be returned under the count
submitted.   These exceptions and assignments of error cannot be sus-
tained, and the remaining exceptions and assignments of error are with-
out sufficient merit to disturb the verdict below.

No error. ·