307 P.2d 1113

**The STATE of Idaho, Plaintiff-Respondent,**

**v.**

**William R. CRONK, Defendant-Appellant.**

**No. 8337.**

Supreme Court of Idaho.

Feb. 26, 1957.

586

Paul C. Keeton, Lewiston, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Wynne M. Blake, Pros. Atty., Lewiston, for respondent.

McQUADE, Justice.

Appellant was convicted in the District Court of the Tenth Judicial District in and for Nez Perce County, State of Idaho, of burglary in the first degree. The charging part of the information is as follows:

"* * * that on, to-wit: the 22 day of December, 1954, at the County of Nez Perce in the State of Idaho, the aforesaid William R. Cronk then and there being committed the crime of burglary in the first degree who then and there did in the night time, wilfully, unlawfully, feloniously and burglariously enter Room 407 of the Lewis Clark Hotel in Lewiston, Idaho, said room not being the room of the defendant, with intent then and there to commit larceny therein contrary to the form of the statute in such case made and provided."

The defendant has seven specifications of error, upon which he relies for a reversal of the conviction in the court below.

The first specification is that the court erred in denying defendant's motion to quash and set aside the information, which motion was filed on February 7, 1955, alleging irregularities in the preliminary examination. We have examined the record, and find a substantial compliance with the law, and no prejudicial irregularities. State v. Clark, 4 Idaho 7, 35 P. 710; State v. Ayres, 70 Idaho 18, 211 P.2d 142.

The second specification of error is that the trial court erred in not allowing the defendant at least two days' time to prepare for trial after the plea of the defendant was entered, in accordance with I.C. sec. 19–1908. This statute is as follows:

"Time to prepare for trial.—After his plea the defendant is entitled to at least two days to prepare for trial."

It appears from the transcript and the minutes of the court that the defendant had the information read to him on two separate occasions. The first time was on February 3, 1955, at which time the defendant requested the statutory time to move against the information, whereupon the court gave the defendant until February 7, 1955, to file his motion. Thereafter, there was a continuance of the case to February 14, 1955. The motion to quash and set aside the information, which had been filed February 7, 1955, was denied by the court February 14, 1955.

On May 23, 1955, the defendant again had the information read to him, and was called upon to state his plea. The defendant refused to plead to the charge, whereupon the court directed the clerk to enter a plea of not guilty for the defendant. The transcript of the reporter sets out that the panel of trial jurors was present in the court room at the time of this second arraignment, but none of the jurors had been impaneled as trial jurors to try this particular cause. The following is an excerpt from the transcript:

"The Court: The Clerk will enter a plea of Not Guilty. This is the time set for the trial of State versus William R. Cronk. Are you ready for trial?

"Mr. Blake: The State is ready, your Honor.

"The Court: Are you ready?

"Mr. Keeton: Yes sir.

"The Court: All the jurors in the court room will rise and be sworn."

By the attorney for the defendant stating he was ready for trial, the statutory provision was thereby waived, and there has been no showing made of prejudice to the substantial rights of the defendant. I.C. sec. 19–2819 in this regard is as follows:

"Judgment upon appeal—Technical errors disregarded.—After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." .

The third specification of error is that the court erred in not allowing the defendant at least one day to answer the indictment or to move to set it aside, demur or plead to the indictment, as required by I.C. sec. 19–1516:

"Time allowed for answer.—If, on the arraignment, the defendant requires it, he must be allowed a reasonable time, not less than one day, to answer the indictment. He may, in answer to the arraignment, move to set aside, demur, or plead to, the indictment."

It appears from the minutes of the trial court there was ample opportunity to raise any law questions or to plead between February 14, 1955, and May 23, 1955. The defendant had been arraigned on February 3, and had the motion to quash and set aside the information denied on February 14. No request was made by the defendant for additional time under the statute, and he has failed to show how the rights of the defendant were prejudiced thereby. It is apparent that the defendant had many days within which to raise issues, move to set aside the information, or demur or plead to the information. When the court

entered the plea of not guilty, the case was at issue. I.C. sec. 19–2819.

The fourth specification of error is that the court erred in not requiring, or not having, the clerk read the information to the jury and state the plea of the defendant to the jury after they were impaneled and sworn, as required by I.C. sec. 19–2101. That section is as follows:

"Order of trial.—The jury having been impaneled and sworn, the trial must proceed in the following order:

"1. If the indictment is for a felony, the clerk must read it and state the plea of the defendant to the jury. In all other cases this formality may be dispensed with. * * *"

The transcript reveals that the contention of the defendant is correct in stating that the trial court used this irregular procedure, and no showing was made by the respondent to the contrary. Failure to follow the mandatory statutory provisions of I.C. sec. 19–2101 was reversible error. State v. Chambers, 9 Idaho 673, 75 P. 274; State v. Crea, 10 Idaho 88, 76 P. 1013; State v. Burwell, 67 Idaho 373, 181 P.2d 197.

As was maintained in the second specification of error, supra, all the trial jurors were apparently in the courtroom but had not been sworn to try this particular case. It can be presumed the trial jurors were not familiar, or even interested, in the proceedings which were being held by the court prior to such impaneling; and as such, the jurors would not have been familiar with the issues in the case, either by way of having attentively listened to the reading of the information or the entry of the plea. It can be safely assumed that the trial jurors were not fully cognizant of the issues upon which they sat as trial jurors.

The fifth specification of error is that the court erred in giving various instructions. After an examination of all appellant's requested instructions it is felt by the court that instruction No. 6 is the only one which should be considered. Defendant's requested instruction No. 6 is as follows:

"An act committed or an omission made under an ignorance or mistake of fact which disproves any criminal intent is not a crime."

The relevant statute is I.C. sec. 18–201:

"Persons capable of committing crimes.—All persons are capable of committing crimes, except those belonging to the following classes:

\*    \*    \*    \*    \*    \*

"4. Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent. * * *"

Idaho Code sec. 18–1401 provides:

"Burglary defined.—Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary."

I.C. sec. 18–115:

"Manifestation of intent.—The intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots or lunatics, nor affected with insanity."

■ Having in mind the various statutes of the State of Idaho pertaining to the offense under consideration and the statutes pertaining to proof of intent and those capable of committing crimes, it becomes clear that burglary in the State of Idaho is a crime malum in se, as differentiated from a crime malum prohibitum. In State v. Keller, 8 Idaho 699, 70 P. 1051, 1054, this court, in quoting with approval from Gardner v. People, 62 N.Y. 299, said:

"* * * 'The rule on the subject appears to be that in acts *mala in se* the intent governs, but in acts *mala prohibita* the only inquiry is, has the law been violated? * * *'"

The trial court should have given an instruction in accordance with I.C. sec. 18– 201, and it was reversible error to fail to do so.

The sixth specification of error is that the court erred in denying defendant's motion in arrest of judgment. This motion is based upon the correctness of the preliminary examination, the order of trial, and the two days within which to prepare for trial after the plea of the defendant. These matters, having been fully discussed herein, will not be further considered.

■ The final specification of error, No. 7, is that the trial court erred in continually and without limit allowing the prosecuting attorney to cross-examine the defendant on matters entirely outside the scope of the direct examination and in overruling the objections of the defendant in this regard. After a close perusal of the transcript of the cross-examination of the defendant, it appears that the court committed error in permitting the prosecuting attorney to examine the defendant about being in jail on prior occasions, for offenses which were apparently misdemeanors. It is obvious from the record that the purpose of the prosecuting attorney was to impeach the defendant. It is reversible error to attempt to impeach the defendant by requiring him to testify about prior convictions of misdemeanors. State v. Scott, 72 Idaho 202, 239 P.2d 258; State v. Alvord, 46 Idaho 765, 271 P. 322.

Judgment of conviction is reversed, and the case is remanded to the district court for a new trial.

PORTER, TAYLOR, and SMITH, JJ., and DUNLAP, District Judge, concur.

KEETON, C. J., disqualified.