Justice EISMANN,
concurring in the result.
“It is uniformly held that the power to define crime and fix punishment therefor rests with the legislature, and that the legislature has great latitude in the exercise of that power.” Malloroy v. State, 91 Idaho 914, 915, 435 P.2d 254, 255 (1967). As our Constitution states, “The legislative power of the state shall be vested in a senate and house of representatives.” Idaho Const, art. Ill, § 1. Likewise, the Constitution expressly provides that the judiciary shall not exercise power properly belonging to the legislature. Id., art. II, § 1. Inherent in the power to define crime is the power to define defenses to that crime. State v. Stiffler, 117 Idaho 405, 410, 788 P.2d 220, 225 (1990) (in statutory rape prosecution, mistake as to age is not a defense because the legislature did not so provide); State v. Searcy, 118 Idaho 632, 635-37, 798 P.2d 914, 917-19 (1990) (the legislature, which created the insanity defense, has the power to eliminate it).
The legislature has specified the persons who are not capable of committing crimes in Idaho Code section 18-201, which is as follows:
Persons capable of committing crimes. All persons are capable of committing crimes, except those belonging to the following classes:
1. Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent.
2. Persons who committed the act charged without being conscious thereof.
3. Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence.
4. Persons (unless the crime be punishable with death) who committed the act or made the omission charged, under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused.
*293 Persons who have been entrapped into committing a crime have not been excluded by the legislature from being those capable of committing crimes, nor has the legislature adopted a specific statute creating the defense of entrapment. It likewise has not declared crimes committed by those entrapped to be justifiable, as it has with respect to homicides committed under defined circumstances. I.C. § 18-4009. By what power can this Court create the defense of entrapment? Even if we had the power to create the defense, I would not do so because it is based upon a fallacy regarding human nature.
The entrapment defense only applies to someone who intentionally commits a crime. As such, the defense is based upon a false understanding of human nature. In State v. Roller, 122 Idaho 409, 835 P.2d 644 (1992), this Court defined the defense of entrapment as follows, “Entrapment occurs when ‘an otherwise innocent person, not inclined to commit a criminal offense, is induced to do so by a State agent who, desiring grounds for prosecution, originates the criminal design and implants in the mind of the innocent person the disposition to commit the alleged offense.’ ” Id. at 411, 835 P.2d at 646.
The person who seeks to raise the entrapment defense was not forced to commit the crime, but did so because he or she chose to do so. Nobody commits a crime requiring a specific intent without forming the intent required to commit that crime. Nobody can “implant” the intent to commit a crime in the mind of another. Others may suggest or encourage the commission of the crime, but to commit the crime the defendant must voluntarily form the intent to do so and then act on that intent.
The defense applies to someone “not inclined to commit a criminal offense.” If the defendant was not already inclined to commit a criminal offense, he or she would not have committed the crime charged. The defendant’s actions reveal his or her inclinations. The commission of the crime establishes what the defendant was inclined to do when given the opportunity. The entrapment defense simply attempts to blame others for what the defendant willingly did. A defendant who seeks to raise the entrapment defense is no more innocent than is the defendant who seeks to shift the blame for committing a crime to his or her peers or to the circumstances that provided the opportunity to commit the crime.
A defendant can always contend that he or she did not have the intent to commit the crime charged. That is an issue for the jury to decide. In this case, Barton contended that he was simply attempting to “burn” Dunlap, whom he believed to be a corrupt defense lawyer, and that he never intended to commit perjury. He, in essence, presented evidence that he was not “inclined” to commit the crime, and the jury obviously did not believe him. Any mitigating circumstances regarding the defendant’s decision to commit the crime are more appropriately considered by the court at sentencing.
For the above reasons, I would affirm the judgment and overrule our prior decisions adopting the entrapment defense.