ROBERT DWIGHT ROBEY, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 10704

May 22, 1980                  611 P.2d 209

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Thomas L. Stringfield,** District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant guilty of misappropriating funds which were entrusted to him as a public officer, NRS 204.030(1)(c). The trial court sentenced appellant to one year in the state prison.

From January, 1975, until July, 1976, appellant served as the justice of the peace in Mountain City, Nevada. In his capacity as justice of the peace, appellant received fines and other county revenue. Appellant set up a trust account with himself as trustee for the keeping of these funds. Appellant testified that it was his understanding that any county official could

---

*The incumbent Elko County District Attorney did not occupy that office when the proceedings occurred below.

withdraw the funds from this account. In April, 1975, appellant withdrew these funds and paid them over to the Elko County Treasurer. At that time the county treasurer did not mention to appellant that he had a duty to pay these funds to the county treasurer on a monthly basis. *See* NRS 176.285. Instead, appellant let the money accumulate in the trust account.

During his tenure, appellant and the district attorney were not communicating on a regular basis. In fact, the record reveals that their relationship was antagonistic. Appellant testified that he was not informed by the district attorney that he had a duty to pay over these funds on a thirty day basis. The district attorney testified that he informed appellant of his obligation at an April 24, 1975, meeting. Appellant stated that he was only informed of his wrongdoing when the Elko County Grand Jury indicted him on November 9, 1976. Thereafter appellant closed the trust account and delivered the amount to the county treasurer. However, over two hundred dollars was determined to be missing. Appellant's wife later found the sum in appellant's new Idaho home in the cash box which appellant used during his tenure as justice of the peace. This amount as well was paid over to the county treasurer.

Appellant contends that the trial court erred when it instructed the jury as to the use of the word "willfully" as contained in NRS 204.030(1)(c).[1] The trial court instructed the jury that:

> [T]he word "willfully", when applied to the intent with which an act is done or omitted and as used in my instructions, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate law, or to acquire any advantage.

Appellant argues that this instruction allows the jury to infer that a crime was committed without requiring a criminal intent. Appellant contends that this was error. We agree.

NRS 204.030(1)(c) requires that the state prove that the

---

[1]NRS 204.030 provides in pertinent part:
Misappropriation and falsification of accounts by public officer.
1. It is unlawful for any public officer . . .:
. . .
(c) Willfully to omit or refuse to pay over to the state, its officer or agent authorized by law to receive the same, . . ., any money received by him as such officer when it is a duty imposed upon him by law to pay over and account for the same.

accused "willfully" omitted or refused to pay over the fine money to the proper county official. The word "willful" when used in criminal statutes with respect to proscribed conduct relates to an act or omission which is done intentionally, deliberately or designedly, as distinguished from an act or omission done accidentally, inadvertently, or innocently. State v. Russell, 442 P.2d 988 (Wash. 1968). *See* People v. Washburn, 593 P.2d 962 (Colo. 1979); State v. Deutscher, 589 P.2d 620 (Kan. 1979); State v. Nelson, 561 P.2d 1093 (Wash.App. 1977).

NRS 204.030 proscribes misappropriation of public funds. Section 2 of this statute provided at all pertinent times herein that the punishment for violation of NRS 204.030 "[w]here the amount involved is $100 or more, [is] by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment."[2] With the instruction used by the district court, it would be possible for the jury to find that a public officer "willfully" omitted to pay over public funds by an omission without any conscious awareness of a wrongful act. Such inadvertence could possibly result in a felony conviction, a $5,000 fine, and a ten year prison sentence. This is contrary to the general conditions of penal liability requiring not only the doing of some act by the person to be held liable, but also the existence of a guilty mind during the commission of the act. Speidel v. State, 460 P.2d 77 (Alaska 1969). *See* NRS 193.190. *See also* Morissette v. United States, 342 U.S. 246 (1952). To convict a person of a felony for such an act, without proving criminal intent, is to deprive such person of due process. Speidel v. State, *supra.*

In a similar situation, the Colorado Supreme Court recently construed a Colorado statute which proscribed theft of rental property. That statute provided that the offense was committed if the accused "knowingly" failed to reveal the whereabouts of the rental property within seventy-two hours after the time he agreed to return it. Section 18–4–402(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8). That court held that that statute required proof of a general criminal intent, i.e. proof of a culpable mental state. People v. Washburn, *supra. Cf.* State v. Hall, 413 P.2d 685 (Idaho 1966) (a statute proscribing the willful wasting of water implies the conscious commission of a wrong).

In the case at bar NRS 204.030 proscribes misappropriation of public funds by a "willful" omission to pay them over to the proper officer empowered to demand them. An element of this

---

[2] NRS 204.030(2)(a) was amended by the 1979 legislature to provide for an increased fine of $10,000.

offense is a culpable mind. Thus, in order to establish misappropriation of public funds the state must prove the conscious commission of a wrong. Since this is an element of the offense the court must adequately instruct the jury, and the failure to do otherwise constitutes reversible error. *See, e.g.,* Turner v. State, 96 Nev. 164, 605 P.2d 1140 (1980); Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970); Harvey v. State, 78 Nev. 417, 375 P.2d 225 (1962). The instruction in the case at bar which concerns the requisite intent for misappropriation was not accurate and therefore constitutes reversible error.

Accordingly, we reverse the judgment of conviction and remand the case for a new trial.