OPINION
 

 By the Court,
 

 Steffen, J.:
 

 Appellant Kevin Neil Jenkins was convicted of six counts of statutory sexual seduction. On appeal, Jenkins contends that a reasonable mistake of fact as to the age of the victim should be a defense to this crime and that the trial court erred in declining to so instruct the jury. We conclude that this and other issues raised by Jenkins are without merit and affirm the judgment against him.
 

 The facts are uncontested. At trial, one of the victims, Sherry, testified that during an evening in October of 1990, when she was fourteen years of age, she was contacted by Olissa, a fifteen-year-old friend, and invited to go out drinking. Sherry was later picked up by Olissa and an individual with whom she was not
 
 *866
 
 acquainted, but whom she later came to know as Jenkins’ father. The two girls were taken to a mobile home in Elko where Sherry was introduced to Jenkins (who, according to his counsel’s statement at oral argument, was twenty-eight years old at the time). Todd Dawes was also present at the trailer.
 

 Sherry testified that Jenkins invited her into his room, where they had consensual sexual relations. Sherry further testified that over the next three to four weeks, she frequently and of her own volition visited Jenkins at the mobile home where the following occurred: approximately twenty to twenty-five acts of sexual intercourse, approximately four to five acts of fellatio, and approximately two to three acts of cunnilingus.
 

 Sherry also testified that she told Jenkins her birth certificate stated that she was fourteen, but that because she was adopted, she might have been sixteen or seventeen. During cross-examination, Sherry acknowledged that she had earlier testified, at the preliminary examination, that she had represented to Jenkins that she was sixteen and that she may have told him that early on in their relationship. Sherry later clarified, when called as a defense witness, that she had no birth certificate as she was not born in a hospital, but that a birth date had been given her on her adoption certificate. This legal birth date was used by Sherry for medical records and the like, and she testified that there was no belief in her mind that she might be as much as a year or so older than the adoption documents indicated.
 

 The second victim, Olissa, also testified against Jenkins, confirming that she and Sherry went to Jenkins’ mobile home in October of 1990, at which time she was fifteen years old. Olissa testified that, from the beginning, she had sexual intercourse with both Jenkins and Dawes, and that in addition to sexual intercourse, she and Jenkins engaged in acts of fellatio and cunnilingus. Olissa testified that at some point “a couple weeks into” these events, she told Jenkins that she was fifteen.
 

 Following a jury trial, Jenkins was convicted of six felony counts of statutory seduction of a minor.
 

 Prior to trial, Jenkins requested a ruling by the court upon defendant’s proffered Instructions B, C and D, which provided as follows:
 

 [B] In every crime or public offense there must exist a union or joint operation of act and intention, or criminal negligence.
 

 [C] An act committed or an omission made in ignorance or by reason of a mistake of fact which disproves any criminal intent is not a crime.
 

 Thus a person is not guilty of . a crime if he commits an act
 
 *867
 
 or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances which, if true, would make such act or omission lawful.
 

 [D] In the offense of statutory sexual seduction, general criminal intent must exist at the time of the commission of the act of sexual intercourse, cunnilingus, or fellatio. There is no general criminal intent if the defendant had a reasonable and good faith belief that the person alleged to have been sexually seduced, as alleged, was sixteen years of age or older at the time such person engaged in the act of sexual intercourse, cunnilingus, or fellatio at issue.
 

 Therefore, a reasonable and good faith belief of such age is a defense to statutory sexual seduction. If after consideration of all of the evidence, you have a reasonable doubt that the defendant had general criminal intent at the time of the acts of sexual intercourse, cunnilingus, or fellatio alleged in the separate Counts of the Criminal Information, you must find him not guilty of such crimes.
 

 The court rejected the quoted instructions, agreeing with the State’s argument that statutory seduction was a general intent, rather than a specific intent crime, and that the State needed only to prove that Jenkins intended to have sex with the two girls, who were minors, and did so; not that he intended to have sex with a minor. Accordingly, the court refused the proffered instructions relative to the defense of mistake of fact. Jenkins, who declined to testify at trial, states that he would have testified on his own behalf if the trial court had accepted his proposed instructions to the jury.
 

 During the jury’s deliberations, the court received a written communication from the jury foreman which, in part, posed the following question:
 

 Does the defendant have to be aware [that] the girls were under age 16[?] Does it matter if the girls lied about their age?
 

 The court replied, by way of a supplemental oral jury instruction, as follows:
 

 The second question that the jury has written down and proposed to the Court has two parts. “Does the defendant have to be aware that the girls were under . . . age 16?” The answer to that question is no. “Does it matter if the girls lied about their age?” It does not matter concerning the elements of Counts I through VI [the sexual seduction counts], as outlined in the Instruction Number 8. But it may be considered in determining credibility of witnesses.
 

 
 *868
 
 Jenkins now challenges the district court’s refusal to give his proposed instructions, together with the court’s answer to the jury’s query.
 

 Jenkins proposes that “a reasonable mistake of fact, relative to a complaining witness’s age should be, in the appropriate circumstances, a defense to the offense of Statutory Sexual Seduction.” Citing W.E. Shirley, Annotation,
 
 Mistake or Lack of Information as to Victim’s Age as Defense to Statutory Rape,
 
 8 A.L.R.3d 1100 (1966 & Supp. 1993), Jenkins acknowledges (bat the weight of authority in the United States is against him on this issue.
 

 Nevertheless, Jenkins contends that accepting the State’s construction of the statute creates a strict liability offense, and that this court has been reluctant to interpret criminal statutes so as to create strict liability absent an expression of specific legislative intent to that effect. Jenkins asserts that the following statutory provisions are relevant to this issue:
 

 NRS 193.190 To constitute crime there must be unity of act and intent. In every crime or public offense there must exist a union, or joint operation of act and intention, or criminal negligence.
 

 NRS 194.010 Persons capable of committing crimes. All persons are liable to punishment except those belonging to the following classes:
 

 (5) Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent,
 
 where a specific intent is required
 
 to constitute the offense.
 

 (Emphasis added.)
 

 Given the emphasized language of NRS 194.010(5), in order to prevail on this issue, Jenkins must demonstrate that specific intent is an element of his crime. Jenkins essentially acknowledged this on appeal, and conceded at oral argument that his proposed instructions were perhaps inartfully drafted in referring to mistake of fact as a defense to “general intent” crimes.
 

 The statutes under which Jenkins was convicted, NRS 200.364 and 200.368, provide, in pertinent part, as follows:
 

 NRS 200.364 Definitions. As used in NRS 200.364 to 200.3774, inclusive, unless the context otherwise requires:
 

 3. “Statutory sexual seduction” means:
 

 (a) Ordinary sexual intercourse, anal intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a person under the age of 16 years; or
 

 (b) Any other sexual penetration committed by a person
 
 *869
 
 18 years of age or older with a person under the age of 16 years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of either of the persons.
 

 NRS 200.368 Statutory sexual seduction: Penalties. A person who commits statutory sexual seduction shall be punished:
 

 1. If he is 21 years of age or older, by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000.
 

 2. If he is under the age of 21 years, for a gross misdemeanor.
 

 These statutes leave no room for concluding that a specific intent to commit any of the proscribed acts with a minor under the age of sixteen is an element of the crime of statutory sexual seduction. Jenkins, however, underscores the serious penalties imposed under these statutes and argues, as noted previously, that we have demonstrated a reluctance to interpret statutes involving such serious penalties as imposing strict criminal liability, at least without clear indication of such a legislative intent.
 

 In support of his premise, Jenkins directs us to Robey v. State, 96 Nev. 459, 611 P.2d 209 (1980). In
 
 Robey,
 
 we had occasion to interpret a statute prohibiting the wilful misappropriation of funds by a public official and expressly disagreed with the lower court’s instruction regarding the meaning of the term “wilfully.” The erroneous instruction provided that:
 

 [T]he word “wilfully”, when applied to the intent with which an act is done or omitted and as used in my instructions, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate law, or to acquire any advantage.
 

 Id.
 
 at 460, 611 P.2d at 210. In rejecting this instruction, we reasoned:
 

 With the instruction used by the district court, it would be possible for the jury to find that a public officer “wilfully” omitted to pay over public funds by an omission without any conscious awareness of a wrongful act. Such inadvertence could possibly result in a felony conviction, a $5,000 fine, and a ten year prison sentence. This is contrary to the general conditions of penal liability requiring not only the doing of some act by the person to be held liable, but also the existence of a guilty mind during the commission of the act.
 

 
 *870
 
 [I]n order to establish misappropriation of public funds the state must prove the conscious commission of a wrong. Since this is an element of the offense the court must adequately instruct the jury, and the failure to do otherwise constitutes reversible error.
 

 Id.
 
 at 461-62, 611 P.2d at 210-11.
 

 Robey
 
 is readily distinguished from the instant case because the statutes at issue here do not contain the term “wilful” or any other language indicating that it is necessary to intend to have sex with a minor under the age of sixteen. Moreover, in the context of statutes aimed at the protection of infants, such as child abuse statutes, the term “wilfully” has been defined to refer to general intent: as an intent to do the act, rather than any intent to violate the law or injure another.
 
 See
 
 Childers v. State, 100 Nev. 280, 282-83, 680 P.2d 598, 599 (1984) (upholding an instruction almost identical to that given in
 
 Robey
 
 in the context of a child abuse statute).
 

 Jenkins also relies upon Zamarripa v. District Court, 103 Nev. 638, 747 P.2d 1386 (1987), as support for his upstream contention. In
 
 Zamarripa,
 
 we interpreted a statute prohibiting driving with a revoked driver’s license to require at least constructive knowledge that one’s driver’s license had been revoked as a necessary element of the crime, even though such a requirement was not specified in the statute. Although
 
 Zamarripa
 
 did state that the imposition of strict criminal liability should occur only where there is a clear legislative intent to do so, that opinion also recognized other statutes which indicated a legislative intent that an accused have at least constructive notice of the revocation of his license. No basis for such an analysis is available to us here. Also, it should be noted that the defendant’s conviction was upheld in
 
 Zamarripa
 
 although he claimed to have received no actual notice that his license had been revoked.
 

 The State commends the reasoning of the Idaho Supreme Court in State v. Stiffler, 788 P.2d 220 (Idaho 1990), which rejected arguments similar to those made by Jenkins under a statutory scheme similar to that in Nevada. The
 
 Stiffler
 
 court reasoned that the purpose of the statutory rape statute must be analyzed, together with its “design,” in order to determine whether the defense of mistake applied. As noted above, there is nothing in the design or wording of Nevada’s statute to indicate that the defendant must know of the age of his victim.
 
 Stiffler
 
 also concluded that statutory rape was a general intent crime designed to afford protection to minors. Requiring proof that the perpetrator was aware of the victim’s age would emasculate the salutary purposes of the statute.
 

 We conclude that there is nothing in the statutory sexual
 
 *871
 
 seduction statute which indicates that it is a specific intent crime. Accordingly, mistake of fact is not a defense under NRS 194.010(5). Nor are the
 
 Zamarripa
 
 or
 
 Robey
 
 opinions contrary authority on this issue, since they are distinguishable for the reasons explained above. Armed as we are, with unambiguous statutory authority that refutes Jenkins’ importunings, we reject mistake of fact as a defense to statutory sexual seduction.
 

 We have considered Jenkins’ other assignments of error and conclude that they are totally without merit and need not be addressed.
 

 CONCLUSION
 

 For the reasons stated above, we affirm the judgment of conviction on all counts entered by the district court.
 

 Young and Shearing, JJ., concur.
 

 Springer, J., with whom Rose, C. J., agrees, dissenting:
 

 Jenkins, an adult, was convicted of having sexual relations with two persons under the age of sixteen, Sherry and Olissa. He stands convicted of six counts of statutory sexual seduction and has been sentenced to sixteen years in prison. All agree that Jenkins had every reason to believe that the “victims” in this case were over fourteen and that Jenkins actually believed that they were over fourteen. All agree that the sexual acts involved in this case were consensual.
 

 I dissent on two grounds. The first is that I do not believe that the evidence supports a jury’s conclusion,
 
 beyond a reasonable doubt,
 
 that Sherry was fourteen years old at the time the sexual acts were being performed. Before Jenkins had sexual relations with Sherry, Sherry told Jenkins that she was sixteen or seventeen but that she was not sure because she was adopted and had no official record of the date of her birth. Ordinarily a birth certificate will be conclusive evidence of one’s age; but, since there is no official certificate of Sherry’s date of birth, other evidentiary sources should have been sought out by the prosecution in order to establish age. At trial, the State relied on the date of birth set forth in Sherry’s adoption records. The only testimonial evidence on this point indicates that the birth date on Sherry’s adoption records was made up for her by the state, and that Sherry herself did not know her real age. Certainly hospital records or anecdotal accounts of friends and relatives could have been brought in which would tend to prove Sherry’s true age — the one fact that was crucial to Jenkins’ being branded as a sex criminal and sent off to prison. In my judgment, the estimate of age that appears in the records of adoption does not provide the kind of reliable evidence that must be forthcoming in order to support a felony
 
 *872
 
 conviction. I would reverse Jenkins’ conviction on Counts IV, V, and VI on this ground.
 

 The second reason that I dissent is that I think that this court should adopt the position taken by the Model Penal Code and should recognize reasonable mistake as a defense in statutory sexual seduction cases.
 
 See
 
 Model Penal Code § 213.6(1) (1980).
 

 During oral argument in this case all kinds of hypothetical situations were presented to the prosecutor to see if he would yield on his all-or-none position, that is to say that there are
 
 no
 
 instances in which an adult who has sexual relations with someone under sixteen years of age would not be guilty of the crime. What about sexual relations with a very mature-looking fifteen year old on the day before her sixteenth birthday, when the young woman had been working in a brothel for two years and possessed a false but very authentic-looking birth certificate which she fraudulently presented to her brothel customers as proof that she was indeed of age? Would her many customers all be subject to felony convictions for statutory sexual seduction if the prosecutor learned of her deceit? The answer of the prosecutor to these type of questions was an unequivocal “yes, they would all be guilty of felonies,” and that is the answer that this court now gives — no exceptions; all are guilty.
 

 Jenkins did not
 
 intend
 
 to have sexual relations with a person under the age of sixteen. Further there is no indication that he acted indifferently or negligently. He appears to have acted
 
 reasonably
 
 after making a reasonable judgment that the young women in question were of age, and this judgment in the case of Sherry was shored up by Sherry’s firm representations that she was in fact of age. If there is a culpable party here, in the sense of moral wrongdoing, at least under the present societal norms, it is not Jenkins, but, rather, Sherry who did wrong by misrepresenting her age to Jenkins.
 

 It is my view that in providing for this crime, the legislature did not intend to dispense with the requirement of “criminal intent” or the “mental element” of criminality. NRS 193.190 (requiring “unity” of intent and action). I think of the case of Morissette v. United States, 342 U.S. 246 (1942), in which a defendant was convicted of violating a federal theft statute for taking bomb casings from governmental land. The defense was that the defendant believed that the casings were abandoned. The trial court convicted him on the ground that the statute merely required the intent to do the act, namely to take the casings from federal land, and that was all that was necessary to comprise the crime. Given this approach, even the defendant’s making a mistake that the casings had been abandoned by the government would not negate the intent to remove the casings and would not
 
 *873
 
 be a defense to the crime. The United States Supreme Court reversed the conviction reasoning that the mere intent to take the casings was not enough to create criminal liability. For the required intent to be “criminal,” it had to include an objective that would properly render the defendant subject to blame as a “criminal.” Morissette could not be
 
 blamed
 
 for taking bomb casings in the reasonable belief that they had been abandoned. Morissette did not steal in the traditional sense because he did not have the intention to deprive another of property. In the present case Jenkins had no criminal intent. He did not
 
 intend
 
 to have sexual relations with a female under the age of sixteen. I think it is only fair and just to assume that persons should be subject to criminal liability only if they intentionally violate a morally coherent and significant legal prohibition. This certainly cannot be said of Jenkins in this case.
 

 The California Supreme Court recognized the defense of reasonable mistake for this kind of offense in People v. Hernandez, 393 P.2d 673 (Cal. 1964). The Majority is correct, however, in saying that the weight of authority is against allowing a reasonable mistake defense; and I must admit that many state supreme courts chant ritualistic platitudes about protecting young females and about these kinds of defendants’ acting at their peril. Many other courts, however, have refused to retain this archaic rationale. State v. Guest, 583 P.2d 836 (Alaska 1978); People v. Plewka, 327 N.E.2d 457 (Ill. App. Ct. 1975); Powe v. State, 389 N.W.2d 215 (Minn. Ct. App. 1986); Perez v. State, 803 P.2d 249 (N.M. 1990); State v. Elton, 680 P.2d 727 (Utah 1984);
 
 see also
 
 Model Penal Code § 213.6, cmt. 2 (noting that at least sixteen states allow the defense by statute); Larry W. Myers,
 
 Reasonable Mistake of Age: A Needed Defense to Statutory Rape,
 
 64 Mich. L. Rev. 105 (1965). Good sense and good morals would demand that a person who has done nothing wrong not have to serve sixteen years in prison. The jurors in this case expressed their moral concern when they asked the court for special instructions on whether “the defendant [had] to be aware [that] the girls were under 16” and whether it “matter[ed] if the girls lied about their age.” I now express the very same concern. This result is counter-intuitive and contrary to moral common sense. I dissent.