An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY JEFFERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67193

**FILED**

NOV 1 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

On appeal from the denial of his May 29, 2007, petition, appellant Gregory Jefferson argues that the district court erred in denying his claim that trial counsel was ineffective in failing to request a jury instruction on reasonable mistake of age. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

15-34653

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Jefferson argues that counsel was ineffective for failing to request a jury instruction on the theory that reasonable mistake of age is a defense to statutory sexual seduction (NRS 200.364(6)).[1] Jefferson has failed to demonstrate deficiency or prejudice. As Jefferson conceded below, this court has held that a reasonable mistake as to the victim's age is not a defense to statutory sexual seduction. *See Jenkins v. State*, 110 Nev. 865, 870-71, 877 P.2d 1063, 1067 (1994). Further, while the defense is entitled to a jury instruction on its theory of defense, that theory must be supported by some evidence and it must be an accurate statement of law. *McCraney v. State*, 110 Nev. 250, 255, 871 P.2d 922, 925 (1994); *Vallery v. State*, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002). Here, it was not the theory of defense (that the State failed to meet its burden of proof), Jefferson identifies no evidence that would support such a theory, and it is not an accurate statement of law. It would therefore have been a futile request, and counsel was not objectively unreasonable in not making it. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Moreover, Jefferson has failed to demonstrate a reasonable probability of a different outcome at trial where he was also convicted of the alternate,

---

[1]Jefferson's fast track statement refers to a charge of "Statutory Sexual Assault on a Minor." No such crime exists. Jefferson raised this claim below in the context of his convictions for statutory sexual seduction. We decline to address his claims to the extent that he is attempting to expand them on appeal to reach his convictions for sexual assault of a child under 16 years old. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

greater offenses of sexual assault of a child under 16 years. Accordingly, we conclude that the district court did not err in denying this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:     Hon. Stefany Miley, District Judge
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk