# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT LEONARD COX,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66644

**FILED**

FEB 0 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART AND REVERSING IN PART*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of leaving the scene of an accident and battery with the use of a deadly weapon resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

This case arises from a hit-and-run accident wherein appellant Robert Cox hit three-year-old Samantha Campos with his car. The State charged Cox with leaving the scene of an accident and battery with the use of a deadly weapon resulting in substantial bodily harm. The jury found Cox guilty on both counts. Cox now appeals, arguing that (1) the district court erred when it held that his dangerous driving satisfied the mens rea required for an aggravated battery conviction under NRS 200.481(2)(e)(2); (2) NRS 484E.030(2) (2009), which requires a driver to provide his information to the police "forthwith," is unconstitutionally vague; and (3) the State presented insufficient evidence to support his conviction of leaving the scene of an accident.

We hold that the district court erred in concluding that an intent to drive dangerously necessarily establishes the mens rea required for an aggravated battery charge under NRS 200.481(2)(e)(2). We further

hold that the State produced insufficient evidence to support the battery conviction. However, we conclude that the term "forthwith" is not unconstitutionally vague and the State presented sufficient evidence to support Cox's conviction of leaving the scene of an accident. Therefore, we reverse Cox's battery conviction and affirm in all other respects.

*NRS 200.481(2)(e)(2) requires an intent to use force against another*

Cox argues the State had to prove he intentionally hit Samantha with his vehicle to be convicted of battery. We agree.

This court reviews issues of statutory interpretation de novo. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). Unambiguous statutory language must be given its plain meaning. *Id.* Statutory language is ambiguous if it is subject to two or more reasonable interpretations. *Id.* When interpreting an ambiguous statute, this court will interpret the statute to conform to legislative intent, reason, and public policy. *Id.*

NRS 200.481(1)(a) defines a battery as the "*willful* and unlawful use of force or violence upon the person of another." (Emphasis added.) The term "willful" modifies the phrase "use of force or violence." This court has repeatedly held the term "willful" to be synonymous with "intentional." *See Byars v. State*, 130 Nev., Adv. Op. 85, 336 P.3d 939, 949 (2014) ("[W]e have interpreted battery broadly to be the intentional and unwanted exertion of force upon another, *however slight*." (internal quotation marks omitted)); *Robey v. State*, 96 Nev. 459, 461, 611 P.2d 209, 210 (1980) ("The word 'willful' when used in criminal statutes with respect to proscribed conduct relates to an act or omission which is done intentionally, deliberately or designedly, as distinguished from an act or omission done accidentally, inadvertently, or innocently."); *Willful, Black's Law Dictionary* (10th ed. 2014) (willful means "[v]oluntary and intentional, but not necessarily malicious").

Therefore, under the statute's plain language, to be convicted of battery one must intend to use force against another. The State argues that one must simply intend to do an act that results in the harm. In other words, because Cox intended to drive in a dangerous manner, and because such driving led to Samantha's harm, Cox had the requisite mental state for a battery conviction. However, this is not what the statute requires. The statute does not say one must intend to do any act which happens to result in the application of force against another; rather, *one must intend to use force* against another. Therefore, we hold that the statute is unambiguous and must be given its plain meaning.

Contrary to the State's argument, this construction does not transform battery from a general intent crime to a specific intent crime. "General intent is the intent to do *that which the law prohibits*. It is not necessary for the prosecution to prove that the defendant intended the precise harm or the precise result which eventuated." *Bolden v. State*, 121 Nev. 908, 923, 124 P.3d 191, 201 (2005) (emphasis added) (internal quotation marks omitted), *receded from on other grounds by Cortinas v. State*, 124 Nev. 1013, 1026-27, 195 P.3d 315, 324 (2008). Under NRS 200.481(1)(a), the law prohibits the use of force against another; in this instance, the act that constituted a use of force against another was Cox's striking Samantha with the car.

Because the State had to prove that Cox intended to hit Samantha with his car, the district court erred in allowing the State to argue that Cox could be found guilty of aggravated battery if he purposely drove in a dangerous manner. Furthermore, the parties agree that the incident was an accident, and that Cox was unaware of Samantha's presence. Indeed, the State even argued that Cox "probably didn't mean to hit a three-year-old girl" that day. Therefore, we conclude that the State presented insufficient evidence to support the battery conviction,

and thus, Cox's battery conviction must be reversed. *See Rose v. State*, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007) ("When determining whether a jury verdict was based on sufficient evidence to meet due process requirements, we will inquire whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotation marks omitted)).

*NRS 484E.030(2) is not unconstitutionally vague*

Cox next claims NRS 484E.030(2) (2009) is unconstitutionally vague because the term "forthwith" fails to indicate how soon a person must report an accident to the police. We disagree.

Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. *State v. Castaneda*, 126 Nev. 478, 481, 245 P.3d 550, 552 (2010). A statute is unconstitutionally vague if it: (1) "fails to provide a person of ordinary intelligence fair notice of what is prohibited; or (2) . . . encourages seriously discriminatory enforcement." *Id.* at 481-82, 245 P.3d at 553 (internal quotation marks omitted). However, a statute is not unconstitutionally vague if there are "well-settled and ordinarily understood meaning[s]" for the words employed. *Id.* at 483, 245 P.3d at 553-54 (internal quotation marks omitted).

Under NRS 484E.030(2) (2009), "[i]f no police officer is present [at the scene of an accident], the driver . . . shall *forthwith* report such accident to the nearest office of a police authority or of the Nevada Highway Patrol." (Emphasis added.)

"[F]orthwith" is defined as "[i]mmediately; without delay," "[d]irectly; promptly; within a reasonable time under the circumstances." *Forthwith, Black's Law Dictionary* (10th ed. 2014). Based on this clear definition and the term's common usage, we conclude that a person of

ordinary intelligence would have fair notice that they need to contact the police right away or as soon as reasonably possible. The fact that Cox may have believed he was acting "forthwith" after heading home and decompressing for thirty minutes does not affect our analysis. Therefore, we hold that NRS 484E.030(2) (2009) is not unconstitutionally vague.[1]

*The State presented sufficient evidence to support Cox's conviction of leaving the scene of an accident*

Finally, Cox argues that the State presented insufficient evidence to support his conviction of leaving the scene of an accident. We disagree.

"The Due Process Clause of the United States Constitution requires that an accused may not be convicted unless each fact necessary to constitute the crime with which he is charged has been proven beyond a reasonable doubt." *Rose*, 123 Nev. at 202, 163 P.3d at 414. Evidence is sufficient to support a conviction when, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

As stated earlier, Cox was required to report the accident to the police forthwith pursuant to NRS 484E.030(2) (2009). After viewing the evidence in the light most favorable to the prosecution, the evidence reveals that (1) Cox waited for twelve minutes at the scene of the accident; (2) Cox then left the scene without providing anyone his information; (3) Cox was located by the police thirty-four minutes later; (4) the police only located Cox this quickly because a witness happened to observe and report

---

[1]Furthermore, we reject Cox's contention that police officers might have different interpretations of the term "forthwith," and that therefore, use of the term encourages seriously discriminatory enforcement.

Cox's license plate to the police; and (5) when Cox presented himself to the police, he was not wearing shoes and was smoking a cigarette, indicating a lack of urgency.

Based on the foregoing, we conclude that a rational jury could find, beyond a reasonable doubt, that Cox failed to report the accident to the police forthwith as required under NRS 484E.030(2) (2009). Therefore, there was sufficient evidence to support Cox's conviction of leaving the scene of an accident.[2] Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Douglas                                Cherry

cc:    Hon. Elissa F. Cadish, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]Because there is sufficient evidence that Cox violated NRS 484E.030(2) (2009), we decline to reach Cox's other arguments concerning violations of NRS 484E.030(1) (2009).