# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE ALBERTO MACHADO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80005

FILED

MAR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.[1] Appellant Jose Machado argues that the district court violated his constitutional rights to a fair trial with several of its evidentiary rulings and by improperly instructing the jury.

Machado first argues that the district court erred in excluding his clinical psychologist's expert testimony. Machado contends that the expert would have testified that law enforcement's forensic interview of the adult victim was unreliable where it failed to use proper techniques. We review a district court's exclusion of expert testimony for an abuse of discretion. *Grey v. State*, 124 Nev. 110, 120, n.17, 178 P.3d 154, 161, n.17 (2008). The district court determined that the expert's testimony was not relevant, and therefore would not assist the jury, because the State was not using the interview at trial. Though Machado contends that the exclusion of his expert's testimony hindered his ability to cross-examine both the victim and interviewing detective and attack the techniques used during

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-06843

the interview, his "right to present witnesses in his own defense is subject to the rule of relevance." *Brown v. State*, 107 Nev. 164, 167, 807 P.2d 1379, 1381 (1991); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). Here, the expert testimony was irrelevant and would not assist the jury where Machado was only offering it to rebut evidence that the State indicated it would not present at trial (and ultimately did not present at trial). *See* NRS 50.275 (outlining the requirements for admitting expert testimony); *Hallmark v. Eldridge*, 124 Nev. 492, 500, 189 P.3d 646, 651 (2008) (considering the relevance of expert testimony in determining if it will assist the jury). Thus, we conclude that the district court did not abuse its discretion in granting the State's motion in limine and excluding Machado's expert's testimony. *See Whisler v. State*, 121 Nev. 401, 406, 116 P.3d 59, 62 (2005) (reviewing a district court's motion-in-limine ruling for an abuse of discretion).

Second, Machado argues the district court abused its discretion in instructing the jury. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005); *see also Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."). We review de novo whether a jury instruction correctly states the law. *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008).

Machado first argues that Instruction No. 27 erroneously used the term "victim" because it constitutes a judicial opinion on the weight of the evidence. Machado only addressed this issue with the district court during the settling of other instructions, not Instruction No. 27, and

informed the district court he reached a "general consensus" with the State that the jury instructions use either the terms "defendant" and "victim" or the defendant's and victim's proper names. Although he later noted an objection after the district court picked terms he had agreed to, Machado did not make the argument below that he makes on appeal, and thus, we review for plain error. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003) (reiterating that failure to object to a jury instruction on the ground asserted on appeal can be addressed if the error was plain or clear, affected the defendant's substantial rights, and caused the defendant prejudice). Machado cites no binding authority for his contention that the use of the term "victim" was error. And his reliance on caselaw from other states is unavailing, particularly where the Nevada Revised Statutes use the term "victim" to refer to an accuser, not only in defining crimes but also in setting forth procedures. *See, e.g.*, NRS 50.090; NRS 200.377; NRS 200.3774. Indeed, the statute defining the crime at issue utilizes the term "victim." *See* NRS 200.366 (defining sexual assault). Thus, we conclude that use of "victim" in the jury instructions was not error.

Next, Machado argues that the jury instructions were flawed because there was no definition of general intent. We disagree. Instruction No. 27 accurately instructed that general intent is the mens rea required for sexual assault, while Machado's proffered instruction referenced only "criminal intent." *See Crawford*, 121 Nev. at 754, 121 P.3d at 589 (providing that a defendant is not entitled to instructions that are "misleading, inaccurate, or duplicitous"); *Winnerford H. v. State*, 112 Nev. 520, 526, 915 P.2d 291, 294 (1996) (explaining that sexual assault is a general intent crime). And the district court also gave Instruction No. 25, which accurately defined "willfully" as applied "to the intent with which an act is done." *See*

*Jenkins v. State*, 110 Nev. 865, 870, 877 P.2d 1063, 1066 (1994) (explaining that even where a statute does not contain the term "willfully," a jury instruction defining it is referring to the general intent of intending "to do the act, rather than any intent to violate the law or injure another").

Next, Machado argues that Instruction No. 27 contained confusing and misleading language about the reasonableness of a defendant's belief that the victim consented based on "ambiguous conduct by the victim that is the product of force." Machado also argues that when read with Instruction No. 28, which explained that the use of physical force is not an element of sexual assault, the jury might believe that a defendant could never have a good faith belief as to consent. The challenge to Instruction No. 27 lacks merit because the language in the instruction is consistent with what this court has held must be included in a consent instruction that addresses reasonable belief of consent.[2] *See Carter v. State*, 121 Nev. 759, 763, 121 P.3d 592, 595 (2005) (reiterating the requirement that an instruction addressing reasonable belief of consent must state that "a belief that is based upon ambiguous conduct by an alleged victim that is the product of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another is not a reasonable good faith belief" (quoting *Honeycutt v. State*, 118 Nev. 660, 671, 56 P.3d 362, 369 (2002))). Although the instruction omitted some of the language previously approved by this court, Machado ultimately agreed to those omissions below such that he cannot now complain on appeal. *See id.* at 769, 121 P.3d at

---

[2]To the extent Machado argues that the district court erred in not instructing the jury using the reasonable-belief-in-consent provision from instruction 1000 of the California Criminal Jury Instructions, we decline to consider his claim since he did not proffer that instruction below. *See State v. Sample*, 134 Nev. 169, 172, 414 P.3d 814, 817 (2018).

SUPREME COURT
OF
NEVADA

(O) 1947A

4

599 ("A party who participates in an alleged error is estopped from raising any objection on appeal."). And regardless, we are convinced there is no reasonable probability that the omission confused the jury as to the parameters of a reasonable belief of consent or affected the jury's verdict. Further, Machado's claim that he objected to the use-of-physical-force instruction (Instruction No. 28) is belied by the record. He only objected to the word "crucial" and the district court agreed and did not include that word when instructing the jury. Both instructions are accurate statements of the law, and thus, Machado has demonstrated no error. Machado also argues that the district court should have instructed the jury on "withdrawal of consent." Machado did not proffer such an instruction and fails to show that the district court was obligated to sua sponte instruct the jury. Thus, Machado has not demonstrated plain error. *See Rossana v. State*, 113 Nev. 375, 382, 934 P.2d 1045, 1049 (1997) (reviewing un-objected to jury instruction claims for plain error).

Machado next contends that the voluntary intoxication instruction, which stated that voluntary intoxication is not a defense to sexual assault, impeded his ability to assert his mistake-of-fact-as-to-consent defense and lowered the State's burden of proof. Machado argues that, under NRS 193.220, the jury should have been instructed that it could take his intoxication into consideration in determining his intent. We disagree. Due process does not require the states to recognize voluntary intoxication as a defense to any crime. *Montana v. Egelhoff*, 518 U.S. 37, 44-50 (1996). NRS 193.220 provides that a defendant's voluntary intoxication is not a defense but that a jury may consider it in determining whether the defendant acted with "any particular purpose, motive or intent [that] is a necessary element" of a particular crime. The statute's plain

language allows a defendant's voluntary intoxication to be taken into consideration only with respect to specific intent crimes—those that have a particular purpose, motive, or intent as a necessary element—not general intent crimes. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) (declining to look beyond a statute's plain language in interpreting it when it is unambiguous); *see also Ewish v. State*, 110 Nev. 221, 228-29, 871 P.2d 306, 311-12 (1994) (stating that voluntary intoxication was a viable defense to a specific intent offense and indicating that if the defendant could not have formed the required specific intent due to intoxication, the only crime he could have committed was a related general intent offense); *Henry v. United States*, 432 F.2d 114, 119 (9th Cir. 1970) (referring to the second part of NRS 193.220 as Nevada's "specific intent exception to its general rule that voluntary intoxication is not an excuse for crime" and concluding that the exception does not apply in a sexual assault case). Because sexual assault is a general intent offense, the district court did not err in instructing the jury that the defendant's voluntary intoxication was not a defense.

Third, Machado argues that the district court erred in denying his motion to suppress and admitting statements he made during his second interview with law enforcement. We discern no *Miranda*[3] violation because Machado has not demonstrated that he was in custody during his interview based on the circumstances, including the interview lasting under an hour at his place of employment, and Machado being told that he could choose where the interview occurred and that he did not have to speak with detectives. *See Rosky v. State*, 121 Nev. 184, 192, 111 P.3d 690, 695 (2005)

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

SUPREME COURT
OF
NEVADA

(O) 1947A

(discussing the relevant considerations in deciding whether a defendant was in custody for *Miranda* purposes); *see also Miranda v. Arizona*, 384 U.S. 436, 450 (1966) (discussing the lesser intimidation usually felt by a person being interrogated in familiar surroundings). Moreover, even assuming there was any error, it would have been harmless beyond a reasonable doubt.[4] *See Boehm v. State*, 113 Nev. 910, 916, 944 P.2d 269, 273 (1997) (applying harmless error review to statements obtained in violation of *Miranda*). Machado takes issue with his admissions during the second interview that he and the victim had anal sex, which only referenced the count he was acquitted of. Machado does not challenge his first interview with law enforcement where he admitted to getting into the victim's bed and fellating him as he slept—acts constituting the count Machado was convicted of. That conviction was also supported by video evidence of Machado's interaction with the victim outside the hotel room, the victim's testimony, and DNA evidence. It thus is clear beyond a reasonable doubt that a rational jury would have found Machado guilty absent the admissions he made in the second interview. *See Carroll v. State*, 132 Nev. 269, 288, 371 P.3d 1023, 1036 (2016) (finding harmless error when "[e]ven without [the defendant's] statements to police, the remaining evidence was sufficient to sustain his convictions").

---

[4]That the State did not argue harmlessness does not change this conclusion where the record here is not overly lengthy or complex, harmlessness is not debatable given the other evidence supporting Machado's conviction, and the cost and futility of further litigation would be substantial. *See Belcher v State*, 136 Nev., Adv. Op. 31, 464 P.3d 1013, 1024 (2020) (detailing the factors to consider in determining whether to review harmlessness sua sponte).

Fourth, Machado argues that the district court erred in admitting law enforcement testimony that vouched for the victim's credibility. During cross-examination, Machado posed various questions to an officer about her not initially believing the victim's rendition of events regarding consent. In response, the State asked the officer if she believed the victim consented, to which the officer answered that she did not. Machado objected but then, on recross, confirmed with the officer that she believed a sexual assault occurred. Under these circumstances, the district court did not abuse its discretion in admitting the officer's testimony since Machado put at issue the officer's personal opinion as to consent.[5] *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing a district court's decision to admit evidence for an abuse of discretion); *Colon v. State*, 113 Nev. 484, 493, 938 P.2d 714, 720 (1997) (reiterating that it will not be deemed error when a party references evidence the other party raised); *Cordova v. State*, 116 Nev. 664, 670, 6 P.3d 481, 485 (2000) (explaining that one party may open the door to the introduction of otherwise inadmissible evidence).

Machado also challenges a detective's testimony that the victim's allegations were not false and referred to the victim as "my victim." Machado did not object to this testimony, and we discern no plain error. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (reviewing claims of vouching for plain error where the defendant fails to object at

---

[5]The district court admitted the testimony because it clarified the officer's previous testimony. But that ruling did not properly address Machado's objection that the testimony invaded the province of the jury. Nevertheless, our conclusion stands where the right result was reached, albeit for the wrong reason. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

trial). The detective's false-allegation statement was an unsolicited, fleeting comment in response to questioning by the defense. *See Allen v. State*, 99 Nev. 485, 490, 665 P.2d 238, 241 (1983) (requiring that an appellant demonstrate prejudice due to an inadvertent law enforcement response to defense questioning). And law enforcement officers commonly use "victim" to refer to the complainant during a criminal investigation and not necessarily as a comment on credibility. *See Jackson v. State*, 600 A.2d 21, 24-25 (Del. 1991) (explaining that the use of "victim" to law enforcement officers "is a term of art" akin to "complaining witness"). Thus, the district court did not err in admitting this testimony.[6] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Stiglich                                Silver


cc:     Hon. Kathleen M. Drakulich, District Judge
        Richard F. Cornell
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[6]In light of the foregoing conclusions, we conclude Machado fails to demonstrate cumulative error. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."); *see also Pascua v. State*, 122 Nev. 1001, 1008 n.16, 145 P.3d 1031, 1035 n.16 (2006) (rejecting appellant's argument of cumulative error where the "errors were insignificant or nonexistent").