NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO L. MELENDEZ, | No. 19-17122 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-01003-JAD-DJA |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before: PAEZ and FRIEDLAND, Circuit Judges, and KORMAN,** District Judge.

Mauricio Melendez, a Nevada state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

28 U.S.C. §§ 1291 and 2253. Our review of Melendez's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Under AEDPA, we may grant habeas relief only if the Nevada Supreme Court's adjudication of the merits of Melendez's claim was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) "based on an unreasonable determination of the facts." *Id.* § 2254(d)(1)-(2).

In 2009, Melendez was convicted of first-degree murder with use of a deadly weapon for shooting his wife. He asserts four ineffective assistance of counsel claims as well as a cumulative error claim. To establish ineffective assistance of counsel, Melendez must demonstrate that his trial counsel performed deficiently and that he suffered prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reviewing de novo, *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020), we affirm the district court's denial of habeas relief.

**1.** First, Melendez asserts that his trial counsel performed deficiently by stipulating to the admission of an autopsy report and the testimony of a different coroner than the one who prepared the report. Even assuming that the autopsy report qualified as a testimonial statement under the Confrontation Clause, it was reasonable for his counsel to stipulate to its admission. In *Melendez-Diaz v. Massachusetts*, on which Melendez relies, the Court recognized that defense

2

counsel often stipulate to the admission of extrajudicial testimonial statements for strategic reasons. 557 U.S. 305, 328 (2009); *see also Wilson v. Gray*, 345 F.2d 282, 286-87 (9th Cir. 1965). While Melendez now challenges his counsel's trial strategy, he has not shown that it was objectively unreasonable under § 2254(d) for the Nevada Supreme Court to conclude that his counsel's decision effectively to waive Melendez's Confrontation Clause rights was a reasonable strategic decision under the circumstances presented. The district court did not err in rejecting this claim for relief.

**2.** Second, Melendez argues that his counsel performed deficiently by failing to hire a firearms or forensic expert. Counsel's decision not to use an expert was far from "ignorance of a point of law" or a "failure to perform basic research," *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (per curiam), as Melendez contends, but rather reflected a "thorough investigation of law and facts relevant to plausible options," *Strickland*, 466 U.S. at 690. Counsel's strategy was not objectively unreasonable because counsel analyzed the relevant evidence to decide that another expert would not have benefitted his defense. The Nevada Supreme Court reasonably so concluded, and the district court properly rejected this claim for relief.

**3.** Third, Melendez asserts that his counsel performed deficiently by failing to consult with him prior to conceding his guilt to manslaughter during closing

3

argument. We "assume that counsel's concession of guilt without consultation or consent is deficient," *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005), but we conclude that it was not objectively unreasonable for the Nevada Supreme Court to find that Melendez failed to show prejudice. The Nevada Supreme Court reasonably found that trial counsel Coffee's concession to involuntary manslaughter—an unintentional killing under Nevada law and the jury instructions, Nev. Rev. Stat. § 200.070—did not contradict the theory of the case that trial counsel Craig presented in her opening statements.[1] In those statements, Craig did not contest that Melendez shot his wife. Rather, she framed the case as an "unintentional, unexpected and unplanned" shooting that occurred while Melendez and his wife were handling a gun after they had "spent th[e] day drinking . . . all day long." Because Melendez has not overcome the AEDPA

---

[1] The trial transcript repeatedly states that counsel conceded to "voluntary manslaughter," telling the jury that a conviction for that crime would be "the right verdict." In contrast to *involuntary* manslaughter, *voluntary* manslaughter requires an intentional act. *See Curry v. State*, 792 P.2d 396, 397 (Nev. 1990); *Jenkins v. State*, 877 P.2d 1063, 1066 (Nev. 1994). But as the parties noted, the jury received only an involuntary manslaughter instruction and could not convict Melendez for voluntary manslaughter. Although Melendez argued before the Nevada Supreme Court that his counsel conceded to voluntary manslaughter—an intentional killing, he also acknowledged that it was possible the court reporter erred and his counsel had, in fact, conceded to involuntary manslaughter. He has since characterized the concession as being to involuntary manslaughter. On this record, and despite the trial transcript, we cannot conclude that the Nevada Supreme Court acted unreasonably under § 2254(d) by finding that the concession was to *involuntary* manslaughter.

4

deference that the Nevada Supreme Court is owed, the district court properly rejected this claim for relief.[2]

We also reject Melendez's contention that counsel's concession would have constituted structural error. As in *Thomas*, his counsel did not "entirely fail[] to serve as his advocate" because counsel could have rationally decided to focus on defending against the more serious murder charges. 417 F.3d at 1058-59; *cf. United States v. Swanson*, 943 F.2d 1070, 1074-76 (9th Cir. 1991) (finding structural error where counsel conceded the only factual issue in dispute on the only count charged and the state failed to identify a reasonable strategy for doing so). To the extent *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), instructs otherwise, that decision is not retroactively applicable to Melendez's petition, *see Christian v. Thomas*, 982 F.3d 1215, 1225 (9th Cir. 2020).

**4.** Fourth, Melendez argues that his counsel performed deficiently by failing to reasonably investigate and prepare for the testimony of Eggleston, the victim's sister. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). In rejecting this claim, the Nevada Supreme Court determined that Melendez did not show prejudice and did

---

[2] Because the Nevada Supreme Court's ruling on this issue was reasonable, we need not discuss the court's other grounds for denying this claim. *See Wetzel v. Lambert*, 565 U.S. 520, 525 (2012) (per curiam) (holding that federal habeas relief is not available "unless *each* ground supporting the state court decision is examined and found to be unreasonable under AEDPA" (emphasis in original)).

not address whether his counsel performed deficiently.[3] We assume without deciding that his counsel performed deficiently, but we find that Melendez cannot overcome AEDPA deference to the Nevada Supreme Court's prejudice determination on this claim either. The Nevada Supreme Court reasonably relied on numerous inculpatory facts and weighed them against the possible harm from Eggleston's testimony, to find that counsel's error would not have changed the outcome. The district court thus properly denied this claim for relief.

**5.** Lastly, Melendez asserts that the cumulative impact of counsel's errors resulted in sufficient prejudice to warrant relief. *See Bemore v. Chappell*, 788 F.3d 1151, 1176 (9th Cir. 2015). We assume, once more, that counsel's failure to consult with Melendez before making the involuntary manslaughter concession and counsel's failure to investigate Eggleston constituted deficient performance, review prejudice de novo, *Rompilla v. Beard*, 545 U.S. 374, 390 (2005),[4] and conclude that Melendez has not shown those purported errors resulted in prejudice.

Neither of the purported errors would have meaningfully changed the evidence at trial. The concession to involuntary manslaughter was consistent with counsel's opening statement that the shooting was "unintentional," such that the

---

[3] The district court also concluded that the Nevada Supreme Court's analysis "focused on the prejudice prong" and reviewed the performance prong de novo.

[4] The parties agree that the Nevada Supreme Court did not address the cumulative prejudice of the alleged errors because it found no errors to assess cumulatively.

jury likely would not have perceived it as detrimental to the defense's credibility. Melendez, on the other hand, made inconsistent statements directly related to how his wife was shot and took actions that undermined his statements that the shooting was an accident. After the shooting, he failed to seek help for fifteen hours, cleaned up the scene, moved his wife's body to the couch, and took photos of her. As for Eggleston's testimony, its impact was significant because it gave the jury a possible motive and bolstered the State's position that Melendez committed first-degree murder. While counsel could have possibly impeached Eggleston's testimony by having an investigator present during Craig's attempted interview with Eggleston, it is not reasonably probable that counsel could have excluded her testimony altogether. Weighing the evidence as a whole, we do not find it reasonably probable that the jury would have returned a different verdict but for the purported errors. The district court properly denied Melendez's cumulative error claim.

**AFFIRMED.**